QUESTIONS: 1. Would a legislator be in violation of s. 119.041, F.S., if he loaned a file to a constituent containing information given to him by another constituent requesting a legislative investigation without the consent of the Division of Archives, History and Records Management of the Department of State and without the consent of the constituent requesting the investigation? 2. Does s. 119.041, F.S., require public officials to obtain the consent of the Division of Archives, History and Records Management of the Department of State for the disposition or destruction of official correspondence, memoranda, or other matter when such matter is no longer of any use or value to the public official or to the agency involved? 3. Does s. 119.05, F.S., require a public officer to deliver to his successor or to the Division of Archives, History and Records Management of the Department of State all records, correspondence, memoranda, or other matter received in the transaction of his official business, regardless of the personal nature, uselessness, or irrelevancy of the material?
SUMMARY: In the absence of a House or Senate rule of procedure to the contrary, the Public Records Law, Ch. 119, F.S., is applicable to records made or received by legislators in the course of transacting their official business. Accordingly, the permission of the Division of Archives, History and Records Management must be obtained before any such record is loaned, destroyed, sold, mutilated, or otherwise disposed of. All records within the purview of s. 119.011(1) must be delivered to an official's successor or the division regardless of the personal nature, relevancy, or usefulness of the record. If records otherwise subject to s. 119.05 are received by a legislator as a member of a standing committee or other committee subject to s. 11.145(2), F.S., and the record is determined to have permanent research value, it must be, depending upon the particular situation, either delivered to the executive director of the Joint Legislative Management Committee or any subsequent committee or commission succeeding to substantially the same study area. Pursuant to Art. IV, s. 4(b), State Const., the Secretary of State is charged with the duty of keeping the "records of the official acts" of the legislative and executive departments. The legislative records which, pursuant to this constitutional provision, are required to be filed with the Secretary of State include "enrolled bills" approved by the Governor, or becoming law without his approval or passed over his veto, and journals of the legislative session kept by both the House and Senate. See Amos v. Gunn, 94 So. 615 (Fla. 1922), discussing legislative and executive records within the purview of Art. IV, s. 21 of the 1885 Constitution, which is essentially identical to present Art. IV, s. 4(b), State Const. Since "official acts" of the Legislature are not defined within the Constitution or elsewhere by statute, the court in Amos, supra, interpreted this provision to include only the records of the Legislature which are required by law to be made. Thus, only the enrolled bills as finally passed by the Legislature and either approved by the Governor or becoming law without his approval or approved over his veto were to be filed along with the legislative journals which, in this state, prevail over enrolled bills as evidence of the due passage of a bill. See Art. III, s. 4(c), State Const., requiring each house to "keep and publish a journal of its proceedings . . . ." Also s. 15.07, F.S., requiring that: All original acts and resolutions passed by the legislature, and all other original papers acted upon thereby, together with the journal of the senate, and the journal of the house of representatives, shall, immediately upon the adjournment thereof, be deposited with, and preserved in, the department of state . . . . The information which is the subject matter of your question is thus not an official record of the Legislature within the meaning of Art. IV, s. 4(b), State Const. Article III, s. 4(a), State Const., empowers each house of the Legislature to determine its own rules of procedure. To the extent that a House or Senate rule conflicts with a statute relating to procedure, the rule would, of course, control. Thus, if the House or Senate has promulgated a rule requiring members to file with the Clerk of the House or Secretary of the Senate or any other person or committee information such as that contemplated by your questions, such rule must be followed. In the absence of such a controlling rule, various provisions of the Florida Statutes would apply. For example, s. 11.145, F.S., requires any standing committee which does not have provision for its operation after the general election to deliver to the executive director of the Joint Legislative Management Committee its books, memoranda, reports, and records having permanent research value. Section 11.145(2). It is the duty of the Joint Legislative Management Committee to maintain and preserve from biennium to biennium the books, memoranda, reports, and records of each standing committee having permanent research value. See s. 11.148(15), F.S. If the information contemplated by your questions was received by a member of the Legislature in his or her capacity as a member of a standing committee or other committee subject to s. 11.145(2), supra, and the information is determined to have permanent research value, such information must be, depending upon the situation, delivered either to the executive director of the Joint Legislative Management Committee or to any subsequent committee or commission succeeding to substantially the same study area. If the information received by the legislator was not received in his or her capacity as a member of a standing committee or other committee subject to s. 11.145(2), supra, or the information received has no permanent research value, the provisions of Ch.119, F.S., relating to retention, custody, and disposal of public records would then control. Pursuant to s. 119.011(1), . . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency are public records which must be made available for inspection in accordance with s.119.07(1). This act is applicable to, inter alia, any state officer. Also see s. 267.021(2) and (3), F.S., to like effect. Since the act is all-encompassing in its terms, it is applicable to any and all state officers, including legislators. The use by the Legislature of a comprehensive term ordinarily indicates an intent to include everything within the term. Florida Industrial Commission et al. v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943); Florida State Racing Commission v. Leon V. McLaughlin,102 So.2d 574 (Fla. 1958). Cf. State v. Pace, 159 So. 679 (Fla. 1935); Copeland v. Cartwright, 36 Fla. Supp. 6, aff'd, 282 So.2d 45 (4 D.C.A. Fla., 1973). The custodian of public records is designated at s. 119.021, F.S., to be, among others, the elected or appointed state officer or officers charged by law with the responsibility of maintaining the office having public records. The Secretary of State is charged by law at s. 15.02, F.S., as the custodian of all books, papers, journals and documents of the Legislature. As stated earlier, however, any House or Senate rule which designates an official other than the Secretary of State as the custodian of legislative memoranda and records which are not within the purview of Art. IV, s. 4(b), supra, would prevail over s. 15.02. Assuming that there is no House or Senate rule which controls as to loaning or disposing of public records, and that the record in question is not subject to s. 11.145(2), F.S., the consent of the Division of Archives, History and Records Management of the Department of State would be required before such record could be mutilated, destroyed, sold, loaned, or otherwise disposed of. Section 119.041, F.S. Also see s. 267.051(8), F.S., providing that no record shall be destroyed or disposed of unless approval of the Division of Archives, History and Records Management is first obtained. However, I believe that the term "loan" as used in s. 119.041 contemplates the surrender of all control over the public document. For example, if an official retained constructive control over a public record loaned to a third party, it is doubtful that s. 119.041 could be found to have been violated. By use of the phrase "or otherwise disposed of," the Legislature apparently intended to prohibit only the actual disposal of records and not temporary loans of documents which do not place the record beyond the actual or constructive control of the public official. Cf. s. 267.051(8), prohibiting the destruction or disposal of any public record defined in s.267.021(2), F.S. To dispose of a thing within the context of Ch.119, F.S., is to get rid of, discard, to do away with, destroy, to transfer, or give away, as by gift or sale. The Random House Dictionary of the English Language, the Unabridged Edition. Also see "dispose of," Black's Law Dictionary, Revised 4th Edition, to like effect and meaning. As to question 2, assuming that the information is not subject to s. 11.145(2), F.S., the permission of the Division of Archives, History and Records Management of the Department of State would be required before any document within the purview of s. 119.011(1), F.S., could be destroyed, regardless of the public official's views regarding the usefulness or value of the document. Also see s. 267.051(7) and (8), F.S., vesting the discretion to retain, preserve, or destroy public records in the Division of Archives, History and Records Management. No such discretion regarding the current usefulness or value or significance of any public record is by law vested in any other public officials. As to question 3, assuming that no controlling House or Senate rule exists as to this question and that the records are not within the purview of those kept pursuant to s. 11.145(2), F.S., s. 119.05, F.S., requires all documents or records defined in s. 119.011(1), F.S., to be delivered to the custodian's successor in office or to the Division of Archives, History and Records Management of the Department of State. All materials made or received by the official in the course of transacting official business must be delivered to the custodian's successor in office or to the division. If a document is a personal one which does not involve the transaction of public business, it is in all probability not received in connection with the transaction of official business and, hence, is not a public record. All public records regardless of usefulness or relevancy must be turned over to the custodian's successor in office or to the division unless the destruction of such information while in the possession of the official is authorized by that division. See ss. 119.041 and 267.051(7) and (8), F.S. It should also be noted that documents statutorily exempt from public inspection pursuant to s. 119.07(2), F.S., are also included within those documents or records which are required to be delivered over to the custodian officer's successor in office or to the division.